IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA DEAN FARR, )
                                )
       Plaintiff, )
                                )
  -vs- )   Civil Action No. 17-1193
                                )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
       Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

### **I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act. Plaintiff filed his application alleging disability since August 7, 2004. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), Bonnie Hannan, held a hearing on June 22, 2016. (ECF No. 8-2, pp. 31-63). On July 7, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 18-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Prior Application**

Plaintiff alleges that the ALJ did not adequately explain why she would not reopen a prior application, in which Plaintiff was *pro se,* and that his "conditions constituted good cause" to excuse his failure to appear at a hearing in that case. (ECF No. 11, pp. 3-4). Pursuant to 20 CFR §416.1488, a determination may be reopened within 12 months of the date of the notice of the initial determination, within two years of the date of the notice for good cause, as defined in 20 CFR 416.1489,[2] or at any time if it was obtained by fraud or similar fault. Judicial review of final decisions on claims arising under the Social Security Act, however, is limited by Sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g) & (h). "It is well settled that federal courts lack

---

[2] 20 C.F.R. § 416.1489 sets forth good cause for reopening and provides as follows:
    a) We will find that there is good cause to reopen a determination or decision if—
        (1) New and material evidence is furnished;
        (2) A clerical error was made; or
        (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
    (b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

jurisdiction under §205 to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on *res judicata* grounds." *Tobak v. Apfel*, 195 F.3d 183 (1999) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977) and *Stauffer v. Califano*, 693 F.2d 306, 307 (3d Cir. 1982)). Although a federal court has the ability to determine its own jurisdiction by examining whether *res judicata* has been properly applied, *id.* (citing *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981)), the decision not to reopen a prior claim is a discretionary decision afforded to the Commissioner and not subject to judicial review. *Sanders*, 430 U.S. at 108. There exist only two exceptions to this limit on judicial review: (1) where a *de facto* reopening has occurred, *Coup v. Heckler*, 834 F.2d 313, 317 (3d Cir. 1987), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and (2) where a claimant challenges the Commissioner's decision on constitutional grounds. *Sanders*, 430 U.S. at 108. Plaintiff does not argue that either of these grounds exist. *See,* ECF No. 11.

Furthermore, I note that the prior application at issue was dismissed for failure to appear for a hearing. (ECF No. 8-3, pp. 25-29). In determining whether to dismiss the case, that ALJ set forth the protracted procedural process undertaken to notify Plaintiff of the hearing. *Id.,* at pp. 28-29. In making his determination, the ALJ found that there was no good cause for Plaintiff's failure to appear at the time and place of the hearing. *Id.*, at p. 29. In considering the reopening of that case, this ALJ stated the following:

> The undersigned finds no basis upon which to reopen the determination on the claimant's prior Title XVI application (20 CFR 416.1488). Additionally, the provisions of the Social Security Ruling 91-5p were considered and do not apply in this case. Accordingly, the previous determination is final and binding. Any discussion of the evidence prior to that time is for historical and contextual purposes only and does not constitute reopening.

(ECF No. 8-2, p. 18). I find that the ALJ's discussion regarding the same, while terse, was adequate. Consequently, I find I have no jurisdiction to review the decision not to reopen or disturb the prior decision.[3]

## C.     Step 2 - Severe Impairments

Plaintiff argues that the ALJ erred in failing to find his ADHD, musculoskeletal disorders, bipolar disorder and anxiety disorder were not severe impairments. (ECF No. 11, p. 4). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §§416.920(c), 416.921(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairment: post-concussion syndrome, chronic post-traumatic headaches, occipital neuralgia, and cervical degenerative disc disease with spondylosis. (ECF No. 8-2, p. 20). Since the ALJ found Plaintiff has severe impairments, the ALJ proceeded to the next steps. (ECF No. 8-2, pp. 20--27). Thus, Plaintiff was not denied benefits at step 2.

The ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC determination he considered "all symptoms." (ECF No. 8-2, p. 23). Thus, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 8-2, pp. 23-27). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir.

---

[3] Plaintiff summarily concludes that his "conditions constitute good cause to excuse his failure to appear." (ECF No. 11, p. 4). The issue before me, however, is not whether good cause existed. That was a consideration committed to the sole discretion of the ALJ in deciding whether to reopen the case. Thus, I find no merit to this argument.

5

2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

      D.      **<u>Weighing Medical Evidence</u>**

Plaintiff next argues that the ALJ erred in failing to properly weigh the medical evidence. (ECF No. 11, pp. 4-8). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that the ALJ erred in giving no weight to the agency evaluator, Dr. Cannon. (ECF No. 11, p. 4). The ALJ gave Dr. Cannon's opinion that Plaintiff had "severe" mental conditions no weight due to internal inconsistency. (ECF No. 8-2, p. 21). For example, the ALJ pointed out that Dr. Cannon opined Plaintiff has a severe mental condition, but then stated there was insufficient evidence to substantiate the presence of a disorder. *Id.* Consistency is a valid reason for discounting the opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find ALJ's decision in this regard is based on substantial evidence. Thus, I find no error regarding the weighing of Dr. Cannon's opinion.

Next, Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Michel "on the basis that it is not apparent Dr. Michel has any significant understanding of the Social Security Administration's disability programs and their evidentiary requirements. There is no basis for concluding that Dr. Michel has any expertise regarding vocational issues or the definition of disability under the Social Security Act. For the Purposes of supplemental security income, the

7

ultimate issue of disability is a medical-vocational determination reserved for the Commissioner of Social Security." (ECF No. 8-2, p. 26)(citations omitted). Plaintiff suggests that this was an improper basis for discounting Dr. Michel's opinion. *Id.* After a review of the record, I disagree. The ALJ gave Dr. Michel's opinion little weight for various reasons. (ECF No. 8-2, pp. 25-26). As a portion of Dr. Michel's opinion touched on the ultimate issue, the ALJ properly gave such opinion little weight because ultimate questions of disability are reserved solely for the ALJ and, therefore, are irrelevant. 20 C.F.R. §404.1527*,* 416.927. Thus, the ALJ was not required to give such opinion any weight. Therefore, I find no merit to this argument.

### E. **Pain Assessment**

Plaintiff also asserts that the ALJ gave undue reliance to his failure to seek various forms of medical treatment. (ECF No. 11, pp. 6-8). In considering the intensity, persistence, and limiting effects of an individual's symptoms (including pain), the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will consider treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 16-3p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record in this case, I find the ALJ applied the above standard. (ECF No. 8-2, pp. 27). For example, the ALJ considered, *inter alia,* the types and frequency of

treatment sought by Plaintiff and the measures used to relieve Plaintiff's pain. *Id.* I find nothing improper in the ALJ's pain assessment. Consequently, I find no merit to this assertion.

### F. Residual Functional Capacity (RFC)[4]

Plaintiff's next argument is that the RFC determination was not supported by substantial evidence. (ECF No. 11, pp. 8-9). Specifically, Plaintiff asserts that the RFC determination does not account for Dr. Michel's opinion that he is incapable of any sustained work activity and Dr. Cannon's opinion that his affective disorders are severe. *Id.* As set forth above, I have found no error on the part of the ALJ in these regards. Therefore, I find no merit to these assertions.

### G. Vocational Expert ("VE")

Plaintiff further suggests that the ALJ erred by relying on an incomplete hypothetical question because it does not account for Dr. Michel's opinion. (ECF No. 11, p. 9). I disagree. An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my analysis above and my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 8-2, pp. 26-27; No. 8-2, pp. 57-63). Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

An appropriate order shall follow.

---

[4] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work, with certain exceptions. (ECF No. 8-2, p. 23).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA DEAN FARR,

    Plaintiff,

 -vs-                                          Civil Action No. 17-1193

NANCY A. BERRYHILL,[5]
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 24th day of September, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[5] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.